STATE OF NORTH CAROLINA v. JEROME NATHANIEL ARCHIBLE

No. 7410SC922

(Filed 5 March 1975)

**Criminal Law § 75— statements by prison employee — no custodial interrogation**

> Statements made by defendant, a prison visiting officer, were not the result of custodial interrogation, and waiver of counsel was not required, where defendant was requested to come to the warden's office to talk to the warden and an SBI agent about the delivery of narcotics into the prison that afternoon, defendant was free to leave the warden's office at any time he desired, at the time the warden sent for defendant he did not know defendant was responsible for delivery of the narcotics, and defendant's statements were not made in response to police "interrogation" but were more in the nature of volunteered statements.

APPEAL by defendant from *McLelland, Judge.* Judgments entered 28 June 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 21 January 1975.

Defendant was charged in two bills of indictment with felonious possession with intent to sell and deliver and felonious delivery of a controlled substance, marijuana.

Evidence for the State tended to show the following. On 21 March 1974 defendant was employed by the Department of Correction as a visiting officer at Central Prison. On this day Mrs. Leona Fish came to the prison to visit her son, Mack Fish, an inmate. Defendant was on duty at the time of Mrs. Fish's visit and received her visitor's pass. Mrs. Fish attached a ten dollar ($10.00) bill to the pass and solicited defendant's assistance in delivering some marijuana to her son. Defendant accepted the ten dollars ($10.00) and instructed Mrs. Fish to place the marijuana in a rest room located in the visiting hall. She did so, and defendant later retrieved the marijuana and gave it to inmate Fish. Defendant then admitted Fish back into the general prison population. The evidence also revealed that, prior to this day, Mrs. Fish had established a friendly relationship with defendant over a six to eight week period. Defendant presented no evidence.

The jury returned a verdict of guilty of possession with intent to deliver a controlled substance and a verdict of guilty of delivering a controlled substance. Judgments were entered and defendant appealed.

*Attorney General Edmisten by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin, for the State.*

*J. Larkin Pahl for defendant appellant.*

VAUGHN, Judge.

Defendant's principal assignment of error asserts that the trial court erred in admitting into evidence incriminating statements made by defendant. Defendant does not contend that the evidence does not support the court's findings that he was given the full *Miranda* warnings and he made his statements voluntarily with full understanding of his rights. He does argue that there was no affirmative waiver of his right to counsel. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694; *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123. We need not reach that question for we are convinced that there was no custodial interrogation.

As stated in *State v. Lawson,* 285 N.C. 320, 323, 204 S.E. 2d 843, 845:

> "*Miranda* warnings and waiver of counsel are required when and only when a person is being subjected to 'custodial interrogation'; that is, 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' [Citations]."

Defendant was requested to come into the office of his supervisor, the warden, to answer some questions of the warden and an SBI agent, who were investigating the delivery of illegal drugs into the prison that afternoon. One of defendant's duties was to prevent the delivery of such contraband. Defendant was questioned at his place of employment. He was not under arrest but was free to leave the warden's office at any time he desired. He did leave at the conclusion of the interview. His freedom of action was not inhibited by the investigating officers in any way. At the time the warden sent for defendant he did not know that defendant was responsible for the delivery of the drugs that had been found on Mack Fish. Moreover, defendant's statements were not made in response to police "interrogation," but were more in the nature of volunteered assertions. *State v. Blackmon,* 284 N.C. 1, 199 S.E. 2d 431. Defendant offered his statement in

the form of a narrative, interrupted only by a few questions asked for the purpose of clarifying certain points made by defendant. The investigation was a noncustodial on-the-scene inquiry in the course of a routine investigation of suspected criminal activity in the prison which defendant, as a prison officer, had a duty to prevent. There was no custodial interrogation. *State v. Lawson, supra,* at 323-324, 204 S.E. at 845-846; *State v. Sykes,* 285 N.C. 202, 205-206, 203 S.E. 2d 849, 851-852; *Miranda v. Arizona, supra,* at 477-478, 86 S.Ct. at 1629-1630, 16 L.Ed. 2d at 725-726.

We have reviewed defendant's remaining assignments of error and find them to be without merit.

No error.

Judges MARTIN and ARNOLD concur.