STATE OF NORTH CAROLINA v. BENJAMIN GARDNER

No. 7526SC744

(Filed 4 February 1976)

**Criminal Law § 75— incriminating statements — absence of custodial interrogation — no necessity for waiver of counsel**

Incriminating statements made by defendant at the scene of a killing in response to a question by officers as to "what had happened" were not the result of custodial interrogation and were admissible in evidence even if defendant did not expressly waive his right to counsel prior to making the statements.

APPEAL by defendant from *Briggs, Judge.* Judgment entered 17 April 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 January 1976.

Defendant was tried on a charge of second degree murder. The evidence tended to establish the following:

Defendant was the owner and operator of the Copra Restaurant and Lounge. On or about March 4, 1974, about 4:15 a.m., defendant and James Poe, while at the restaurant, had a dispute concerning a debt Poe owed defendant. Poe, an employee of the defendant, operated the lounge part of the business. Defendant drew a gun and he and Poe wrestled across the room. Shots were fired, and Poe died from bullet wounds inflicted by defendant.

When the police arrived, after being called, the defendant, defendant's wife, and two other women were present in addition to the deceased. Defendant was interrogated, and admitted that he had killed Poe.

The jury returned a verdict of guilty of second degree murder. From a judgment imposing a prison sentence, the defendant appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris, for the State.*

*Lacy W. Blue for defendant appellant.*

ARNOLD, Judge.

The primary assignment of error by defendant is that the trial court erred in allowing into evidence defendant's incrimi-

nating statements made to police officers at the scene of the alleged crime. Defendant argues *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971), and asserts that he never expressly waived his right to remain silent and his right to counsel after being given the *Miranda* warnings.

The State asserts that the interrogation by the police officers was investigatory as opposed to custodial.

As stated in *State v. Lawson,* 285 N.C. 320, 204 S.E. 2d 843 (1974), the *Miranda* warnings and waiver of counsel are required only where a defendant is subjected to "custodial interrogations." Where a defendant makes a voluntary statement, or where he is not in custody during interrogation, there is no waiver requirement. *State v. Blackmon,* 284 N.C. 1, 199 S.E. 2d 431 (1973).

"Custodial interrogation" is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed. 2d 694, 706 (1966).

The circumstances surrounding the interrogation were as follows:

The officers arrived at the Copra Restaurant in response to a call concerning an assault and personal injury. Upon their arrival the defendant was talking on the telephone and the officers asked for the location of the injured party. One of the women present indicated that Poe was in the lounge area.

Tables in the lounge were found overturned, and the victim was found on the floor next to the wall. The officers went back to defendant and asked him to step into the lounge with them. The officers then asked defendant "what had happened." Before defendant could answer he was given full *Miranda* warnings. Following his statements defendant was placed under arrest.

The questions by the officers were part of a routine on-the-scene investigation. There was no custodial interrogation. *State v. Archible,* 25 N.C. App. 95, 212 S.E. 2d 44 (1975) ; *State v. Thomas,* 22 N.C. App. 206, 206 S.E. 2d 390 (1974). Defendant, as the owner of the restaurant, was a logical person for the investigating officers to ask concerning the killing that had just taken place. He was questioned at his place of employment, and at the scene. He was not under arrest, and we do not believe

that defendant was in custody or deprived of his freedom in a significant way within the meaning of *Miranda*.

We hold that there was no custodial interrogation, and hence there is no need for us to reach the question of whether there was an affirmative waiver of the right to counsel.

No error.

Judges PARKER and HEDRICK concur.